UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DARRON WEAKLEY,<br>No. 366107, | )<br>)<br>) | |
| Petitioner, | )<br>) | No. 3:16-cv-00019<br>Judge Campbell |
| v. | )<br>) | |
| TAMMY FORD, | )<br>) | |
| Respondent. | ) | |

# MEMORANDUM

Pending before the court is a petition for a writ of *habeas corpus* brought under 28 U.S.C. § 2254. (Docket No. 1). The petitioner, proceeding *pro se*, is an inmate of the Whiteville Correctional Facility in Whiteville, Tennessee.

## I. Introduction

The petitioner is currently serving a term of imprisonment of six years imposed on April 30, 2015, by a Davidson County, Tennessee, criminal court for an unspecified crime of which the petitioner entered a plea of guilty. (Docket No. 1 at p. 2).

On December 1, 2015, the petitioner alleges that he filed a petition for *habeas corpus* relief in a Davidson County, Tennessee state court. (*Id.* at p. 3). According to the petition, the state court "refused to hear" his petition. (*Id.* at p. 4).

The petitioner filed the instant petition in federal court on December 28, 2015. (*Id.* at p. 14).

## II. Analysis

The law is well established that a petition for federal *habeas corpus* relief will not be considered unless a petitioner has first exhausted all available state court remedies for each claim presented in his petition. *Cohen v. Tate*, 779 F.2d 1181, 1184 (6th Cir. 1985). This exhaustion

requirement springs from consideration of comity between the states and the federal government and is designed to give the state an initial opportunity to pass on and correct alleged violations of its prisoners' federal rights. *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971). This means that, as a condition precedent to seeking federal relief, a petitioner's claims must have been fairly presented to the state courts. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). Once the federal claims have been raised in the state's highest court, the exhaustion requirement is satisfied, even if that court refuses to consider them. *Manning v. Alexander*, 912 F.2d 878, 883 (6th Cir. 1990). The burden of showing compliance with the exhaustion requirement rests with the petitioner. *Darr v. Burford*, 339 U.S. 200, 218-19 (1950)(overruled in part on other grounds by *Fay v. Noia*, 372 U.S. 391 (1963)); *Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987).

It is unclear from the petition whether the petitioner has fully and fairly presented his claims, as a matter of federal law, to the state courts. *See Picard v. Connor*, 404 U.S. 270, 275 (1971); *Stanford v. Parker*, 266 F.3d 422, 451 (6th Cir. 2001). The petitioner states that, on December 1, 2015, he filed a petition for writ of *habeas corpus* "to Davidson County Court" and that, to date, the court has not responded to his claim. (Docket No. 1 at p. 5). The petitioner has submitted proof of submitting the petition to the prison mail room. (*Id.* at pp. 5, 15).

If a state court petition by the petitioner is, in fact, pending, a federal petition for writ of *habeas corpus* would be premature at this time.

When a *habeas corpus* petitioner fails to exhaust all state court remedies for each claim in his petition, a district court is obliged to dismiss the petition. *Rose v. Lundy*, 455 U.S. at 522. Acknowledging that the prisoner is proceeding *pro se*, the court will grant the petitioner twenty-eight (28) days to show cause why his petition should not be dismissed for failure to fully exhaust the state court process prior to filing in federal court.

### III.     Conclusion

After conducting a preliminary review of the petition, it appears that the petition should be dismissed for failure to exhaust state court remedies. However, the petitioner will be given twenty-eight (28) days to show cause why his petition should not be dismissed.

An appropriate order will enter.

_____
Todd J. Campbell
United States District Judge