UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DARRON WEAKLEY,     ) | |
| No. 366107,        ) | |
|                    ) | |
| Petitioner,    ) | No. 3:16-cv-00019 |
|                    ) | Judge Campbell |
| v.                 ) | |
|                    ) | |
| TAMMY FORD,        ) | |
|                    ) | |
| Respondent.    ) | |

## M E M O R A N D U M

Pending before the court is a petition for a writ of *habeas corpus* brought under 28 U.S.C. § 2254. (Docket No. 1). The petitioner, proceeding *pro se*, is an inmate of the Whiteville Correctional Facility in Whiteville, Tennessee. He is currently serving a term of imprisonment of six years imposed on April 30, 2015, by the Davidson County Criminal Court for the facilitation of possession with intent to sell or deliver .5 grams or more of cocaine.

I.      **Background**

On April 30, 2015, the petitioner entered a plea of guilty in the Davidson County Criminal Court to the facilitation of possession with intent to sell or deliver .5 grams or more of cocaine and agreed to a sentence of six years' imprisonment. (Docket No. 1 at p. 2; Docket No. 23-1, Page ID # 76, 79).

On December 4, 2015, the petitioner filed a petition for writ of *habeas corpus* in the Davidson County Criminal Court. (Docket No. 23-2, Page ID # 80). The court denied relief on January 25, 2016. (Docket No. 23-2, Page ID # 85). The petitioner did not appeal the denial to the Tennessee Court of Criminal Appeals.

The petitioner filed the instant petition for writ of *habeas corpus* on December 28, 2015.[1] (Docket No. 1 at p. 14). On April 15, 2016, the court ordered the petitioner to show cause why the petition should not be dismissed for failure to exhaust state remedies. (Docket No. 13). The petitioner complied with the court's order (Docket No. 19) and, on May 6, 2016, the court ordered the respondent to respond to the petition. (Docket No. 20). The respondent subsequently filed an answer to the petition, urging the court to deny the petition for failure to exhaust state remedies. (Docket No. 24).

## II. Exhaustion of Administrative Remedies

28 U.S.C. §§ 2254(b) and (c) provide that a federal court may not grant a writ of *habeas corpus* on behalf of a state prisoner unless, with certain exceptions, the prisoner has presented the same claim sought to be redressed in a federal habeas court to the state courts. *Cullen v. Pinholster*, —U.S. —, 131 S. Ct. 1388, 1398, 179 L.Ed.2d 557. The petitioner must "fairly present" each claim to all levels of state court review, up to and including the state's highest court on discretionary review, *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S. Ct. 1347, 158 L.Ed.2d 64 (2004), except where the state has explicitly disavowed state supreme court review as an available state remedy. *O'Sullivan v. Boerckel*, 526 U.S. 838, 847–48, 119 S .Ct. 1728, 144 L.Ed.2d 1 (1999).

This rule has been interpreted by the Supreme Court as one of total exhaustion. *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L.Ed.2d 379 (1982). Thus, each and every claim set forth in the federal *habeas corpus* petition must have been presented to the state appellate court. *Picard v. Connor*, 404 U.S. 270, 92 S. Ct. 509, 30 L.Ed.2d 438 (1971). *See also Pillette v. Foltz,* 824 F.2d

---

[1] Under the "prison mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 270 (1988), and the Sixth Circuit's subsequent extension of that rule in *Richard v. Ray,* 290 F.3d 810, 812 (6th Cir. 2002) and *Scott v. Evans,* 116 Fed. App'x 699, 701 (6th Cir. 2004), a prisoner's legal mail is considered "filed" when he deposits his mail in the prison mail system to be forwarded to the Clerk of Court. Weakley signed the instant petition on December 28, 2015, so the petition is considered "filed" on that date rather than on the date the petition actually was received by the Clerk of Court (January 11, 2016).

494, 496 (6th Cir.1987) (exhaustion "generally entails fairly presenting the legal and factual substance of every claim to all levels of state court review"). Moreover, the substance of the claim must have been presented as a federal constitutional claim. *Gray v. Netherland*, 518 U.S. 152, 162–63, 116 S. Ct. 2074, 135 L.Ed.2d 457 (1996).

Tennessee Supreme Court Rule 39 eliminated the need to seek review in that court in order to "be deemed to have exhausted all available state remedies." *Adams v. Holland*, 330 F.3d 398, 402 (6th Cir. 2003), *cert. denied*, 541 U.S. 956, 124 S. Ct. 1654, 158 L.Ed.2d 392 (2004); *see also Smith v. Morgan*, 371 F. App'x 575, 579 (6th Cir. 2010) ( "*Adams* not only requires the federal courts to ensure that the state courts have the first opportunity to review and evaluate legal claims . . . but also mandates that the federal courts respect the duly-promulgated rule of the Tennessee Supreme Court that recognizes the law and policy-making function of that court and the court's desire not to be entangled in the business of simple error correction"). Thus, for purposes of exhaustion, the Court of Criminal Appeals is the highest available state court in Tennessee. *Adams*, 330 F.3d at 402.

**III.    Analysis**

The respondent seeks the denial of the instant § 2254 petition on grounds that the petitioner has not fully exhausted his available state remedies. (Docket No. 24).

Here, the petitioner has not presented any of his claims to the highest state court available. Although he presented claims similar to claims 2 and 3 of the instant petition in his state petition for writ of *habeas corpus* (Docket No. 23-2, Page ID # 81-82), he did not appeal the denial of relief to the Tennessee Court of Criminal Appeals. As a result, he has not fairly presented those claims, or any claims, to the state courts. Therefore, he has not exhausted his state court remedies.

In his response to the court's show cause order, the petitioner contends that he exhausted the state remedies for the claims in his federal petition by filing a state petition for writ of *habeas corpus* and by appealing the state court's denial of relief. (Docket No. 19). However, the state *habeas* record does not include a notice of appeal (*see* Docket No. 23-2) and the court's search of the Tennessee appellate courts' public database reveals no appeals related to the petitioner's state *habeas* case.

The petitioner has not alleged any unusual or exceptional circumstances warranting review of the unexhausted claims of his federal *habeas corpus* petition at this time, nor are any such circumstances apparent from the record. Based on the foregoing, Weakley has not met his burden of establishing that he has exhausted all available state court remedies. Accordingly, the petition will be dismissed at this time.

## IV.     Certificate of Appealability

A certificate of appealibility (COA) may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and it must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Cockrell*, 537 U.S. at 336; *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Cockrell*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir. 2011). Courts should not, however, issue a COA as a matter of course. *Bradley*, 156 F. App'x at 773.

In this case, reasonable jurists cannot conclude that the court abused its discretion in dismissing the instant unexhausted petition. Thus, the court will deny a COA.

**V.      Conclusion**

For the reasons explained herein, the court finds that the petitioner has failed to exhaust state court remedies before filing this federal *habeas* petition. Therefore, the petition will be denied, and this action will be dismissed **without prejudice** to refile once the petitioner has exhausted his state court remedies.

The court will deny a COA. Any appeal of the court's decision would not be taken in good faith.

An appropriate order will be entered.

                                                                                            _____
                                                                                            Todd J. Campbell
                                                                                            United States District Judge